**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID E. HANLEY, #928676** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 3:21-00259-SMY** |
| | ) | |
| **ALTON MENTAL HEALTH CENTER,** | ) | |
| **VALDEZ,** | ) | |
| **RALPH TURNER,** | ) | |
| **DEPARTMENT OF HUMAN SERVICES,** | ) | |
| **ILLINOIS GUARDIANSHIP AND** | ) | |
| **ADVOCACY COMMISSION,** | ) | |
| **SECURITY,** | ) | |
| **NURSE GENE,** | ) | |
| **STA TWANDA,** | ) | |
| **STA TWANIA,** | ) | |
| **STA MISSY, and** | ) | |
| **STA TRUETA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David E. Hanley, a detainee at the Alton Mental Health Center, filed this lawsuit

pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now

before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion

of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests

money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil Procedure which

requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires "simple, concise, and direct" allegations.

FED. R. CIV. P. 8(d)(1). The purpose of these Rules is to "give defendants fair notice of the claims

against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Complaint is written in rambling narrative form without focus or clarity.  It is far from simple, concise, or direct.

Further, Plaintiff fails to associate specific defendants with specific claims.  *Twombly*, 550 U.S. at 555.  Because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").  Additionally, an allegation that a group of defendants violated Plaintiff's rights fails to comply with Rule 8.  Instead, Plaintiff must describe what each defendant did or failed to do to violate his constitutional right.

Finally, the Complaint violates pleading rules on form.   All pleadings presented for filing in this District must be "plainly typewritten, printed, or prepared by a clearly legible duplication process and double-spaced." SDIL-LR 5.1(b). Further, Federal Rule of Civil Procedure 10(b) requires a party to state claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff's Complaint includes writing in the margins, the allegations are not set forth in separately numbered paragraphs, and there is no spacing between sentences or paragraphs, which makes it difficult to read.

For these reasons, the Complaint will be dismissed and Plaintiff will be given an opportunity to re-plead his claims.

2

**Motion for Recruitment of Counsel**

Plaintiff filed a motion seeking recruitment of counsel (Doc 3) and a letter in which he requests recruited counsel (Doc. 9).  Civil litigants do not have a constitutional or statutory right to counsel.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it.  *Id.* at 654-655.  If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request.  *Id.* at 655.

Plaintiff's motion does not demonstrate any effort to obtain counsel on his own and therefore it will be denied.  If Plaintiff chooses to renew his request at a later date, he should submit **rejection letters from at least 3 attorneys** to demonstrate that he has made reasonable efforts to obtain counsel on his own.

**Disposition**

Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim for relief and the Motions for Recruitment of Counsel (Docs. 3, 9) are **DENIED**.

Plaintiff is **GRANTED** leave to file a First Amended Complaint within thirty days of the date of this Order.  The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.  Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 21-259).  Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see*

*DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer

4

or other change in address occurs.  **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution**.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 1, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**